**In re Phillip S. CONNOR and Carolyn H. Connor, Debtors.**

**No. 11–12544.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 23, 2012.

Gerald L. Decker, Gerald L. Decker Assoc., Sterling Heights, MI, for Debtors.

## *ORDER*

JULIAN ABELE COOK, JR., District Judge.

The Debtors, Phillip S. Connor and Carolyn H. Connor, have filed an appeal to this Court, seeking a reversal of a decision in which the Bankruptcy Court for the Eastern District of Michigan determined that certain proceeds from a personal injury lawsuit should be characterized as "disposable income," as set forth in 11 U.S.C. § 1325(b), and remitted to the Trustee for subsequent distribution to their creditors. (*See* Opinion Regarding Distribution of Personal Injury Lawsuit Proceeds Received Post Confirmation, No. 10–58161

(Bankr. E.D. Mich. May 26, 2011), Bankr. Docket No. 108 ("Bankruptcy Opinion")).

## I.

On June 2, 2010, the Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. Their joint petition disclosed the existence of a then-pending personal injury lawsuit, the value of which was listed by them as "unknown." The Trustee objected to the confirmation of their plan on various grounds, arguing, *inter alia*, that the proceeds, if any, of the personal injury lawsuit should be remitted to the lawfully appointed designee of the Bankruptcy Court (i.e., Trustee) for distribution to their creditors. Thereafter, these Debtors amended their petition by (1) listing this claim as an asset of Carolyn Connor, and (2) claiming $6,540 of it to be exempt under 11 U.S.C. § 522(d)(5) (exempting "debtor's aggregate interest in any property, not to exceed in value $800 plus up to $7,500 of any unused amount of the exemption provided under paragraph (1) of this subsection").[1] The Trustee did not express any objection to this amended exemption.

On January 4, 2011, the Bankruptcy Court issued an order that confirmed the Debtors' plan and contained the following provision:

> The Debtor will seek approval of the Court with respect to settlement of the pending lawsuit against [the alleged tortfeasors] and will remit proceeds of the lawsuit to the Trustee. Any such proceeds remitted to the Trustee shall be distributed pursuant to an Order of the Court.

(Amended Order Confirming Plan, Bankr. Docket No. 112).

During the following month, the Debtors filed a motion which sought to obtain the Bankruptcy Court's approval of a proposed settlement agreement in the personal injury litigation, as well as an authorization to distribute the proceeds therefrom. The settlement was approved by the Bankruptcy Court and, following the payment of attorney fees and related costs, as well as a remittance to the Trustee of the non-exempt portion of the settlement monies, the sum of $6,540 from the proceeds remained for distribution. The Bankruptcy Court ultimately concluded that these monies were properly classified as disposable income. During a hearing that had been convened to consider this issue, the Bankruptcy Court stated that it "remains persuaded, as it has in many prior cases, that the proceeds of litigation that a debtor receives in a Chapter 13 case is income within the broad definition of that term as generally understood and as applied in Chapter 13 cases." (May 18, 2011 Hr'g Tr. 3:7–11 (Bankr. Docket No. 124)). The Debtors' appeal, which addresses solely the distribution of the $6,540 exempted portion of settlement, followed.

## II.

■ An aggrieved litigant—such as the Debtors in this case—may file an appeal as of right with a federal district court from any "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). On appeal, this Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law on a de novo basis. *Made in Detroit, Inc. v. Official Cmte. of Unsecured Creditors of Made in Detroit, Inc. (In re Made in Detroit, Inc.)*, 414 F.3d 576, 580 (6th Cir. 2005); *see also* Fed. R. Bankr.P. 8013 ("On an appeal the district court or bankruptcy

---

1. Although the Debtors initially relied upon multiple bases for this exemption, they subsequently waived all of them, with the exception of the § 522(d)(5) exemption.

appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

### III

■ Those debtors who have regular income and whose indebtedness falls within statutory limits may seek protection under Chapter 13 of the Bankruptcy Code. 11 U.S.C. § 109(e). In a Chapter 13 bankruptcy case—unlike a Chapter 7 bankruptcy action—debtors need not liquidate their nonexempt assets for distribution of the proceeds to their creditors. However, they must commit to a court-approved plan by which they will pay the creditors out of their future income. 11 U.S.C. §§ 1306(b), 1321, 1322(a)(1), 1328(a). Where, as occurred here, an unsecured creditor or the trustee objects to the plan, the bankruptcy court may only confirm the plan if it (1) provides for a full payment of all unsecured creditors or (2) requires the debtor to pay to the creditors "all of [his] projected disposable income to be received" during the duration of the plan. 11 U.S.C. § 1325(b)(1).[2] Here, inasmuch as the plan does not contemplate that the creditors will be fully paid, the second prong of the § 1325(b)(1) analysis is implicated.

Disposable income is defined, in relevant part, as "current monthly income received by the debtor (other than [certain exceptions not implicated here]) less amounts reasonably necessary to be expended [for specified purposes]." § 1325(b)(2). Current monthly income, in turn:

(A) means the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period ending on—

(i) the last day of the calendar month immediately preceding the date of the commencement of the case if the debtor files the schedule of current income required by section 521(a)(1)(B)(ii); or

(ii) the date on which current income is determined by the court for purposes of this title if the debtor does not file the schedule of current income required by section 521(a)(1)(B)(ii); and

(B) includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), but excludes benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international terrorism (as defined in section 2331 of title 18) or domestic terrorism (as defined in section 2331 of title 18) on account of their status as victims of such terrorism.

§ 101(10A).

In their appeal, the Debtors argue that the plain language of these above-cited provisions compels a conclusion by this

---

**2.** There are several other requirements that must be satisfied before the plan can be confirmed. *See, e.g.,* § 1325(a)(4) (plan must provide creditors as much as they would receive if the debtor's estate was liquidated under a Chapter 7 bankruptcy proceeding). However, it should be noted that these provisions are not at issue in the case *sub judice.*

Court that the exempt portion of the personal injury settlement proceeds does not satisfy the definition of disposable income, and therefore the contested funds can be retained by them.

The Trustee disagrees, contending that, their exempt status notwithstanding, these proceeds should be characterized as disposable income which must be remitted to him for distribution to creditors. At the outset, it should be noted that the Trustee's definition of disposable income—i.e., "income which is received by the debtor and which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor" (Trustee's Br. at 3 (citing 11 U.S.C. § 1325(b)(2)))—is inaccurate and out-of-date. With the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Congress amended the definition of disposable income. The insertion of the words *current monthly* before *income* and the concomitant definition given to *current monthly income* significantly changed the analysis. *See Hamilton v. Lanning,* —— U.S. ——, 130 S.Ct. 2464, 2482, 177 L.Ed.2d 23 (2010) (Scalia, J., dissenting) (noting that BAPCPA effected "significant changes"); *Baud v. Carroll,* 634 F.3d 327, 330 (6th Cir.2011), *cert. denied,* No. 11–27, 2012 WL 33293 (Jan. 9, 2012) ("BAPCPA substantially redefined the term 'disposable income.'"). Thus, the pre-BAPCPA cases cited by both parties fail to address how exempt postpetition proceeds from pre-petition personal injury claims should be characterized under the modified disposable income analysis.

Although questions of the implications of the BAPCPA for various aspects of the § 1325(b) analysis have "deeply divided the courts," *Baud,* 634 F.3d at 330–31; *see also id.* at 330 ("As numerous courts and commentators have noted, the BAPCPA

has created many difficult problems of statutory interpretation, none more vexing than those arising from application of the 'projected disposable income test' imposed by 11 U.S.C. § 1325(b)(1)."), the Supreme Court has recently addressed one such question that is directly applicable to the case at hand. In *Lanning,* 130 S.Ct. 2464, it considered whether, post-BAPCPA, the calculation by a bankruptcy court of "projected disposable income" may take into account expected changes in the debtor's financial circumstances (the "forward-looking approach") or, instead, it must only consider the average monthly income during the six-month "look-back" period called for by § 101(10A) (the "mechanical approach"). Recognizing that the BAPCPA amended the term "disposable income"—but did not modify the term "projected disposable income"—the Supreme Court concluded that, in general, the mechanical approach must be followed. However, it determined that, in unusual cases, the court may follow the pre-BAPCPA practice of "tak[ing] into account other known or virtually certain information about the debtor's future income or expenses." *Id.* at 2475. In *Lanning,* the debtor's current monthly income, based upon the six-month look-back, was grossly inflated due to the inclusion of a one-time buyout from her former employer, yielding an average monthly income that was more than double her actual income at the time of filing, which, in turn, resulted in a monthly payment requirement well beyond that which she could actually afford. *Id.* at 2470–71. On appeal, the Supreme Court concluded that the bankruptcy court had not committed an error when it took this information into account while calculating her projected disposable income.

Applying *Lanning,* the Sixth Circuit reversed the bankruptcy court's confirmation of a plan that had not taken into account the change in the debtor's financial circum-

stances since the lookback period. *Darrohn v. Hildebrand (In re Darrohn)*, 615 F.3d 470 (6th Cir.2010). In *Darrohn*, the debtor had lost his job, was unemployed for a period of ninety days, and then secured new employment—all during the six-month look-back period. Because of the period of unemployment, his calculated current monthly income was significantly lower than his actual income at the time of the plan confirmation. *Id.* at 472–73. The bankruptcy court determined that the BAPCPA did not permit it to take this information into account. Thus, it confirmed a plan which required the debtor to make payments well below what he could actually afford. *Id.* at 473–44. With *Lanning* having been decided in the interim, the Sixth Circuit held that the bankruptcy court erred when it determined that it was precluded from considering the debtor's new employment—which "was a 'known or virtually certain' event at the time of confirmation"—in calculating projected disposable income. *Id.* at 476.

The Sixth Circuit clarified the authority of the courts in applying the "forward-looking approach" in *Baud*, 634 F.3d 327. In rendering this opinion, it reaffirmed the discretion of bankruptcy courts to consider changes in circumstances that are known or virtually certain at the time of confirmation of the plan. However, the Sixth Circuit also recognized that this discretionary authority is circumscribed by the specific exclusions in § 101(10A). Because the BAPCPA expressly excluded certain categories of income from the current monthly income analysis, a court may not utilize changed circumstances regarding those categories as a basis for departing from the mechanical approach. *Id.* at 349 n. 18 ("The [trustee] also contends that the [debtors] must include in the calculation of projected disposable income any income from employment that is known or virtually certain as of the date of confirmation

even if they did not have that income during the six-month [look-back] period.... Under *Lanning* and *Darrohn*, such income must be included in the calculation of projected disposable income so long as the income does not fall within the categories of income excluded from disposable income by the Code."). The Sixth Circuit acknowledged that this holding stood in conflict with the purpose of the BAPCPA to "ensur[e] that debtors 'repay creditors the maximum they can afford,'" *id.* at 347 (quoting *Ransom*, 131 S.Ct. at 725), but reasoned that the "clear indication by Congress that Social Security benefits are to be treated differently post-BAPCPA must override [this purpose]," *id.*

From the foregoing, it becomes clear that the central question in this case is whether the personal injury proceeds can be deemed to have been "known or virtually certain at the time of confirmation of the plan." It appears equally clear to the Court that they cannot. Whether the Debtors would receive any proceeds—and, if so, the amount of such proceeds—was neither known nor virtually certain at the time of the confirmation.

The Court has found only two post-*Lanning* decisions that have considered this precise issue, and both of them have reached the same conclusion. *See In re Vargas*, No. BK 10–13103, 2011 WL 4482005, at *2 (Bankr.D.R.I. Sept. 27, 2011) ("When [debtor's] confirmation order was entered ..., no one, including the [d]ebtor, the Chapter 13 [t]rustee, or the [c]ourt could place a *known or virtually certain value* on the [exempt] personal injury claim, and/or whether the [d]ebtor would receive *any* award.... [T]his [c]ourt concludes that the [d]ebtor's personal injury claim should not be included in her § 1325 disposable income analysis."); *In re Walker*, No. 07–70358, 2010 WL 4259274, at 10 n. 4 (Bankr.C.D.Ill. Oct.

21, 2010) ("It is hard to see how the potential recovery of [exempt] funds through [a personal injury] action where both liability and damages may be disputed meets the *Hamilton v. Lanning* 'known' or 'virtually certain' concept of disposable income."). Although, as in *Baud,* this conclusion is contrary to the purpose of the BAPCPA in ensuring that the debtors pay creditors all that can be afforded by them, the statutory text, as well as the interpretation thereof by the Supreme Court, must override that policy consideration.

Because these proceeds were neither known nor virtually certain at the time of the confirmation, the Bankruptcy Court erred in reserving the issue of their distribution for a later determination and in subsequently treating them as disposable income subject to distribution to the Debtors' creditors.

## IV.

For the reasons that have been set forth above, the Court vacates the order of the Bankruptcy Court which required the Debtors to remit the exempted portion of the settlement proceeds to the Trustee for distribution and remands this case for appropriate proceedings.

IT IS SO ORDERED.